HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL E. DOW,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,

    Defendants.

CASE NO. C16-5812-RBL

ORDER GRANTING MOTION TO DISMISS AND EXPUNGING LIS PENDENS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff Dow's complaint and to expunge the Lis Pendens he recorded to encumber his property. This is the second case Dow has filed regarding this property. The first was dismissed without prejudice because he failed to either pay the filing fee or amend his complaint in order to proceed *in forma pauperis*. *See* Cause No. 16-cv-5235RBL, Dkt. #s 8 and 19.

Dow has not paid the filing fee in this case, either, and has not sought leave to proceed *in forma pauperis*. *See* Dkt. #10 in this case. Nor has he properly served the Defendants, though the Fed. R. Civ. P. 4(m) 90-day period for doing so has not yet expired.

In the meantime, the Defendants[1] seek dismissal for failure to state a claim, with prejudice and without leave to amend. They also ask the Court to expunge the Lis Pendens Dow filed in an apparent effort to delay or prevent foreclosure of the deed of trust on the property. They argue that Dow has not plausibly pled any facts supporting any claim for relief, but has instead "regaled the Court with tales of other borrowers from other states" without alleging any specific problems he shares with them. They argue that Dow's Lis Pendens is improper as a matter of law because he has not commenced "an action affecting title to real property." *See* RCW 4.28.320.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] The moving defendants are a subset of the defendants named in the case. They are Seterus, Fannie Mae, Mayopoulous, and Fowler.

(2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The Defendants' characterization of Dow's complaint is not wrong.  He complains about the dismissal of his prior action, though he did not file an amended complaint and did not appeal. He complains about the banking industry generally, but sets forth no specific facts relating to his property or his claims, or any of the defendants he sued. He raises some interesting and vague conspiracy theories, and has anecdotal evidence that other borrowers obtained relief in other cases.  But he has made no effort to tie any of his general complaints and accusations to the actions of any party to the case, or to any harm that he suffered that is attributable to the actionable conduct of any defendant. The relief he seeks does not "affect title to" real property; it is instead a list of grievances about the mortgage industry and perhaps the government generally:

Relief (con't)

 I. FULL CONTRACT TRANSPARENCY, RE MY "LOAN";
  A. DERIVATIVES EXPOSED THAT ENRICHED THE GLOBAL AGENDA;
  B. LOANS TO SUB-PRIME CREDIT SCORES;
  C. REAL PROPERTY INFLATION *VIA* APPRAISAL REASSESSED;
  D. ESCROW ACCOUNT ENRICHMENT FULL ACCOUNTING;
  E. PROMISSORY NOTE EXAMINED *VIA* FORENSIC EXPERT;
  F. CONFLICTS OF INTEREST FULLY REVEALED;
  G. DUE PROCESS LAW;
  H. JURY TRIAL.

[Dkt. #1 at 5]. Dow's Response to the Motion is even more cryptic, and it does not appear to even attempt to articulate a plausible claim against these or any other defendants. Instead, it complains about scheduling orders, the requirement that he pay a filing fee, and the "shadow government":

> There has been, is, and continues to be (according to Hillary Clinton's Emails), a SHADOW GOVERNMENT that controls the United States. The date/s of significance are 1982 ‖ 2002. **The Emails expose *money made out of thin air, Et Al Et Cetera*.**

[Dkt. #14 at 2]. The import of this claim is unclear. But it is not a plausible basis for a claim by Dow against any of the moving defendants. The Complaint and the response (and various other filings Dow has made in this and the prior case) do not articulate the "who what when where and why" of any plausible, actionable claim.

Dow does claim that the appraisal he apparently obtained in connection with his 2005 loan was "wrong" but he does not articulate what was wrong about it, how he was harmed, or

why he sued these defendants because of it.  An appraisal in the mortgage context is used to assure the lender that the borrower's home—the security for his promise to repay the loan—is of sufficient value to allow the lender to recover its losses if the borrower does not repay the loan. It is not clear how a "wrong appraisal" could adversely affect Dow, given that he obtained the loan he sought.  In any event, the loan was made more than ten years ago.  Any claim arising from that transaction is facially time-barred.

He does not assert any other facts related to his loan in any of his filings. And he has not articulated how any of his broad claims affect or in any way relate to the title to his real property.

The Motion to Dismiss is **GRANTED**.  Because none of the claims can be made plausible by amendment, all of Dow's claims against the moving defendants are dismissed with prejudice and without leave to amend.

The Lis Pendens recorded as Instrument No. 3554289 on October 17, 2016 in the records of Cowlitz County, Washington is **EXPUNGED**.

Plaintiff shall pay the filing fee or apply to proceed *in forma pauperis* within **14 days** of this order or the remaining claims against the remaining defendants will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 1st day of December, 2016.

Ronald B. Leighton
United States District Judge